# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Hearne Hardwoods, Inc.

**DEFENDANTS**
BC Shipping Company, LTD., M/V Maersk Venezia, her engines, boilers, bunk tackles, gear, winches, appurtenances, etc., in rem, Moller-Maersk, Moller A.P. Maersk Sealand

**(b)** County of Residence of First Listed Plaintiff: **Chester**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant:
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Robert A. Burke, Esquire
MacElree Harvey, Ltd.
17 W. Miner Street

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS |  | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☒ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander |  |  | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability |  |  | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability |  | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage |  | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise |  |  | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee |  |  | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence |  | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application |  |  |
|  | ☐ 448 Education | ☐ 540 Mandamus & Other ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions |  | ☐ 950 Constitutionality of State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S. Code § 1333

Brief description of cause:
Breach of contract relating to shipping containers that contain goods purchased by Plaintiff.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
**DEMAND $** $150,000
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: Nov 3, 2023
SIGNATURE OF ATTORNEY OF RECORD: /s/Robert A. Burke, Esq.

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

Hearne Hardwoods, Inc.,

    Plaintiff,

v.

BC Shipping Company, Ltd.
#4 Taiwan Street, Belize City
Belize

    and

M/V Maersk Venezia
her engines, boilers, bunkers,
tackles, gear, winches, appurtenances,
etc., *in rem*.

    and

Moller-Maersk
50, Esplanaden, Kobenhavn
DENMARK

    and

Moller A.P.
50, Esplanaden, Kobenhavn
DENMARK

    and

Maersk SeaLand
Giralda Farms Madison Avenue
P.O. Box 880
Madison, NJ 07940-0880
    Defendants.

## COMPLAINT IN ADMIRALTY *IN REM AND IN PERSONAM*

### Parties

1. Hearne Hardwoods, Inc. is a corporation with an office and place of business located in Pennsylvania.

2. Plaintiff is a small, family-owned, specialty hardwood lumber company that offers a selection of some of the world's most beautiful woods cut from sustainably managed forests who regularly imports its materials on board ocean vessels arriving in the ports of Philadelphia.

3. Defendant, BC Shipping Company, Ltd., is on information and belief, a foreign corporation with an office and place of business located in Belize City, Belize. At all times material hereto, BC Shipping Company, Ltd. was acting as a freight forwarder, shipping agent, and/or logistics provider who arranged for transportation of wood products on behalf of Plaintiff. charterer and/or operator of the above named vessel.

4. Defendant, M/V MAERSK VENEZIA is a vessel operated as a common carrier of goods in ocean transportation and is now or will be during the pendency of the proceeding within the Eastern District of Pennsylvania.

5. Defendant, Moller-Maersk and Moller A.P. are foreign corporations with offices in Denmark. At all times material and hereto, Moller-Maersk and Moller A.P. were the owners, charterers and/or operators of M/V MAERSK VENEZIA.

6. Maersk SeaLand (hereinafter "SeaLand") is a New Jersey Corporation with an office and place of business at Giralda Farm Madison Avenue, Madison, NJ. At all times material hereto, SeaLand engaged in the business of common carriage and/or private carriage of merchandise by water for hire and owned, operated, managed, chartered, possessed, and or controlled the above-named vessels.

7. The vessels owned and/or operated by the above defendants have used the ports of the Commonwealth of Pennsylvania, including Philadelphia, discharged and loaded cargo therein, been supplied services and handled therein and are subject to service of process under the

applicable rules of law in admiralty practice and the statutes of the Commonwealth of Pennsylvania.

8. Plaintiff was the consignee or owner of the Cargo described more further below, and brings this action on its own behalf and as agents and trustees on behalf of and for the interest of all parties who may be or become interested in said shipment, and cargo as their respective interests may ultimately appear, and plaintiff is duly entitled to maintain this action.

## Jurisdiction and Venue

9. Plaintiff by and through its attorneys, MacElree Harvey, Ltd., hereby brings this suit against defendants under the provisions of 28 U.S.C. §1333, as this is an admiralty and maritime claim within the meaning of Rule 9(h) and the supplemental Admiralty Rules of the Federal Rules of Civil Procedure. In addition, jurisdiction is invoked pursuant to 28 U.S.C. §1377 as this is an action arising under an Act of Congress regulating commerce, specifically, the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. §1300 *et seq*.

10. Venue lies within the Eastern District of Pennsylvania under the provisions of 28 U.S.C. §1391.

## COUNT I
## COGSA CLAIM AGAINST ALL DEFENDANTS

11. On or about March 8, 2022, Plaintiff purchased the first container of mahogany logs ("Cargo") to be transported to Philadelphia from Belize City, Belize from Steve Russel.

12. On or about June 16, 2022, Plaintiff purchased the second container of Cargo to be transported to Philadelphia from Belize City, Belize from Steve Russel.

13. Plaintiff orally contracted with BC Shipping Company, Ltd. to arrange for the carriage of the Cargo to the port in Philadelphia. The Invoice is attached hereto as Exhibit "A".

14. On or about September 6, 2022, the first container of Cargo was loaded into a shipping container and was carried by barge from Belize to Puerto Barrios, Guatemala.

15. On or about September 7, 2022, the second container of Cargo was loaded into a shipping container and was carried by barge from Belize to Puerto Barrios, Guatemala.

16. The Cargo arrived in Puerto Barrios, Guatemala in good order.

17. Upon arrival in Puerto Barrios, Guatemala, SeaLand took custody of the Cargo in their container yard.

18. On or about September 9, 2022, SeaLand issued the first Bill of Lading ("BoL").

19. According to the terms of the BoL, SeaLand's responsibility for the Cargo was container yard to container yard (CY/CY). The Bill of Lading is attached hereto as Exhibit "B".

20. On November 15, 2022, Ann Fuller ("Ms. Fuller") of BC Shipping Company, Ltd. notified Plaintiff that the Cargo consigned to Plaintiff with the shipment number of 222705802 was to be carried on board the M/V AS SARA for transportation from Puerto Barrios, Guatemala on November 19, 2022 with an expected arrival to Philadelphia, Pennsylvania on November 28, 2022. The Correspondence is attached as Exhibit "C".

21. Upon information and belief, the Cargo was never loaded onboard the vessel.

22. On November 30, 2022, Ms. Fuller again notified Plaintiff that there had been a delay in shipment after Plaintiff was not notified that the Cargo had arrived to the port in Philadelphia. The Notification is attached as Exhibit "D".

23. The new status noted that there was a twenty one (21) day delay with the containers now expected to arrive in Philadelphia, Pennsylvania on December 12, 2022.

24. To this date, the Cargo remains at the port in Puerto Barrios, Guatemala listed as abandoned.

25. The Cargo have remained within the containers for over a year and are not in the same good order and condition as when delivered to Defendants, but instead are damaged, have deteriorated in value, and unfit for sale or use.

26. The loss of and damage to Plaintiff's cargo was not caused by any act or omission of Plaintiff or those for whom it may be responsible, but instead was caused by the violation of Defendants' duties and obligations as common carriers by water for hire, and/or private carriers by water for hire, and the breach of Defendants' contracts of carriage and other contracts with Plaintiff, including the bills of lading and/or any charter parties or contracts of Affreightment that may have been in effect.

27. By reason of the breaches of the Defendants of the lawful terms and conditions of the bill of lading issued by it and the breaches of the defendants and their obligations as common carriers of goods, Plaintiff has sustained damage and loss in an amount in excess of $150,000.00.

## COUNT II
## BREACH OF CONTRACT
**(Against all Defendants)**

28. Plaintiff incorporates the averments contained in all preceding paragraphs with the same force and effect as if fully set forth herein.

29. On or about the beginning of September 2022, Plaintiff purchased Maersk's Value Protect ("Value Protect") for the transportation of the two containers from Puerto Barrios, Guatemala to Philadelphia, Pennsylvania.

30. Plaintiff did not receive an invoice for the Value Protect coverage until January 4, 2023.

31. Plaintiff paid for the Value Protect for the transportation of the Cargo on February 6, 2023.

32. Plaintiff's purchased Maersk's Value Protect for the transportation of the Cargo. The Price Overview is attached as Exhibit "E".

33. Plaintiff purchased Value Protect to apply to each container carrying the Cargo. *See* Exhibit "E".

34. According to Maersk's Value Protect terms, Plaintiff's loss is a covered under the terms. Maersk's Value Protect Plan is attached as Exhibit "F".

35. In accordance with the Value Protect Terms, Plaintiff has attempted to submit a notice of claim for the loss.

36. Despite multiple attempts to file a notice of claim and claim, Defendants SeaLand and Maersk have not accepted Plaintiff's claim.

37. By reason of the breaches of the Defendants of the lawful terms and conditions of the Value Protect Terms, Plaintiff has sustained damage and loss in an amount in excess of $150,000.

38. All of the singular facts and matters set forth herein are true and within the jurisdiction of this Court.

## COUNT III
## BREACH OF CONTRACT/NEGLIGENCE
### (Against BC Shipping Co. Ltd. Only)

39. Plaintiff incorporates the averments contained in all preceding paragraphs with the same force and effect as if fully set forth herein.

40. Plaintiff contracted with Defendant BC Shipping Co. Ltd. ("BC Shipping") to arrange for the prompt and safe carriage of Plaintiff's Cargo from Belize to Guatemala.

41. BC Shipping had a duty to provide a proper description of the Cargo on all transportation documents, including manifests, customs entries bills of lading, and other shipping documents.

42. Upon information and belief, BC Shipping and/or one of the other Defendants improperly described the Cargo on various transportation documents, including manifests, customs entries bills of lading, and other shipping documents.

43. As a result of Defendants' mischaracterization of the Cargo on shipping documents, the Cargo was detained by government authorities.

44. Defendants failed to take the necessary steps to correct the characterization of the cargo and/or obtain its release from authorities.

45. As a result of Defendants' breach of their duties under law and contract, Plaintiff has sustained damage and loss in an amount in excess of $150,000.

WHEREFORE, Plaintiff prays that:

1. Process in the due form of law, according to the practice of this Court issue against the defendants inviting them to appear and answer all and singular matters aforesaid.

2. If the Defendants cannot be found within this District, then all goods, chattels and equipment in the possession of any person, partnership or corporation owned by them

or any vessel owned or operated by them or a any equipment, storage or gear on any vessel be attached by process of attachment as provided in the admiralty Rules in the amount of $150,000.

3. Process of attachment in any form of law according to the practice of this Honorable Court in cases of admiralty jurisdiction issue against the above name vessels, her engines, machinery, tackle, apparel, etc., and that all persons claiming interests in and to said vessels be cited to appear and answer under oath all and singular the matters aforesaid, and that said vessel be condemned and sold to pay the demands as aforesaid with interest and costs.

4. Judgment be entered on behalf of Plaintiff and against the Defendants plus interests and costs of this action.

5. Plaintiff have such other and further relief in the premises and in law and justice as it may be entitled to receive.

**MacELREE HARVEY, LTD.**

Dated: November 6, 2023

/s/ *Robert A. Burke*
Robert A. Burke, Esquire
I.D. No. 61268
Aileen Wang, Esquire
I.D. No. 331842
MacElree Harvey, Ltd.
17 W. Miner Street, P.O. Box 660
West Chester, PA 19381-0660
Phone: 610-436-0100
Fax: 610-430-8245
rburke@macelree.com
awang@macelree.com

*Counsel for Plaintiff Hearne Hardwoods, Inc.*

## **VERIFICATION**

I, Richard Hearne, in my capacity as Manager, hereby state that I am familiar with the facts set forth in the foregoing Verified Complaint, am authorized to execute this Verification on behalf of Plaintiff Hearne Hardwoods, Inc. and that the facts set forth therein are true and correct to the best of my knowledge, information and belief.

This Verification is made subject to the penalties of 28 U.S.C. § 1746 or unsworn falsification to authorities.

Dated:

10-30-2023

Richard Hearne

## VERIFICATION

I, Patricia Cieszynski-Hearne, in my capacity as Manager, hereby state that I am familiar with the facts set forth in the foregoing Verified Complaint, am authorized to execute this Verification on behalf of Plaintiff Hearne Hardwoods, Inc. and that the facts set forth therein are true and correct to the best of my knowledge, information and belief.

This Verification is made subject to the penalties of 28 U.S.C. § 1746 or unsworn falsification to authorities.

Dated: 10-30-2023

Patricia Cieszynski-Hearne

## VERIFICATION

I, Brian Hearne, in my capacity as Manager, hereby state that I am familiar with the facts set forth in the foregoing Verified Complaint, am authorized to execute this Verification on behalf of Plaintiff Hearne Hardwoods, Inc. and that the facts set forth therein are true and correct to the best of my knowledge, information and belief.

This Verification is made subject to the penalties of 28 U.S.C. § 1746 or unsworn falsification to authorities.

Dated:

_____
Brian Hearne